**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BASIL T. SIMON,

    Plaintiff,

v.                                                              Case No. 04-72977

DEEPER LIFE CHRISTIAN CHURCH, INC.,
DEEPER LIFE CHRISTIAN MINISTRIES,
and BISHOP A.B. JEFFERSON

    Defendants.
_____/

**ORDER DENYING OBJECTION TO WRIT OF GARNISHMENT**

The court held a hearing on Defendants' Objection to the Writ of Garnishment (Dkt. # 121) issued to SunTrust Bank, at which it denied the objection and noted that a written order would follow. For the reasons stated on the record and herein, the Objection is denied.

Defendants object to the writ on three grounds: (1) they were not served the writ as required by Michigan law, (2) only some of the funds in the account can be garnished because the SunTrust bank account is held by the judgment debtor and other individuals who are not judgment debtors, and (3) some of the funds in the account cannot be garnished because they are wages and social security benefits. Each argument fails.

Concerning service and notice of the writ, it is clear that Defendants have in fact received notice of the garnishment and been afforded an opportunity to object, as evidenced by the Objection they filed, the hearing held before this court, and Exhibits A

and B attached to Plaintiff's response. (Dkt. ## 126-1 (SunTrust Garnishee Disclosure form), 126-2 (SunTrust letter and notice of garnishment).) Additionally, MCR 3.101(K)(2) does not identify untimely or improper service as a grounds for objecting to a writ of garnishment; instead, flawed service merely expands the time a defendant has to object.

As to the second point, Defendants cite one case, *Sitomer v. Orlan*, 660 So. 2d 1111, 1114 (Fla. Dist. Ct. App. 1995), for the proposition that a creditor can only attach the judgment debtor's portion of the bank account. However, *Sitomer* dealt only with joint accounts of a husband and wife held as a tenancy by the entireties, in which case spousal approval is required for the transfer of property. Defendants do not claim to hold the account in joint tenancy by the entireties, in fact, they don't attempt to establish any particular mode of ownership and cite no applicable Florida law that shows an entitlement to the protections they claim.

Lastly, while the court recognizes that Florida law and the Social Security Act place limitations on the sorts of funds that may be garnished, Defendants have offered insufficient proof to show that such limitations apply here. Florida law protects earnings of the head of a family for six months after they have been earned. Fla. Stat. § 222.11. The Social Security Act forbids garnishment of social security benefits. 42 U.S.C. § 407. The affidavit of Calvin Jefferson (Dkt. # 121-4) does not state that Defendant A.B. Jefferson is the head of a household or that the wages were earned within six months, and so the affidavit does not establish entitlement to any protections under Florida law. As to the alleged social security benefits, the affidavit is based "upon information and belief," not personal knowledge and is thus improper. *See Giles v. Uni. of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007) (discussing affidavits in the summary judgment

2

context). Moreover, Defendants make no effort to trace any of the funds to social security payments or even offer the court proof that Defendant A.B. Jefferson in fact receives such payments. The Jefferson affidavit, based on "information and belief," is insufficient to bring the funds under the protection of the Social Security Act.

Accordingly, IT IS ORDERED that Defendants' Objection to Writ of Garnishment (Dkt. # 121) is DENIED.

        s/Robert H. Cleland                   
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 19, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 19, 2016, by electronic and/or ordinary mail.

        s/Lisa Wagner                       
        Case Manager and Deputy Clerk
        (313) 234-5522